CASE 16—ACTION UPON AN ATTACHMENT BOND—MARCH 17.

## Carse v. Baxter's Trustee

APPEAL FROM MADISON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF. DEFENDANT APPEALS. REVERSED.

ESTOPPEL TO CONTROVERT GROUNDS OF ATTACHMENT—DAMAGES ON BOND—EFFECT OF PRIOR LEVY.

Held: 1. While the admission by the defendant of the truth of the grounds for an attachment, made both in his answer and upon the trial of the attachment, would have been admissible to estop him from contesting an attachment subsequently issued in favor of another creditor on the same grounds, yet after the second attachment has been discharged such admission will not of itself defeat an action on the bond executed for that attachment.

2. Damages can not be recovered for the levy of an attachment upon a stock of goods, where a prior attachment had been levied thereon, and the entire stock was in possession of the sheriff under

Carse v. Baxter's Trustee.

that levy, unless an effort was made before the second attachment was discharged to have so much of the stock set apart as was necessary to satisfy the first attachment, and to have the residue released; and even then damages can be recovered upon the second attachment bond only for the injury to that part of the stock which was retained for the satisfaction of the second attachment.

3. It was error to allow plaintiff to recover in an action on the bond for the second attachment the entire amount paid to attorneys to defend both attachment suits.

C. H. BRECK, Attorney for appellant.

1. When a suit is instituted by the assignee, upon any claim which passed by the assignment, the defendant is placed in "*statu quo*," as if no assignment had been made, and the controversy is directly between the defendant and the assignor.

2. The right of action in the trustee depends upon the fact, whether the attaching creditor fails to prove the grounds of the attachment.

3. By reason of Baxter's answer in the suit of White, in which he admitted that he did not have property sufficient to pay his debts, Peale & Bro. were not required to prove the fact as to the value of the goods owned by Baxter.

BURMAN & MOBERLY and J. A. SULLIVAN, Attorneys for appellee.

1. Upon the discharge of the attachment, the cause of action related back to the time that it was obtained, and the injury to the goods is to be considered from the time of levying the attachment, and not from the time of its discharge.

2. The cause of action, not being personal, passed to the trustee— the injury was, an injury to the estate of the assignor and the recovery is for their benefit.

AUTHORITIES CITED.

Kaye v. Kean, 18 B. M., 839.
Nolle v. Thompson, 3 Met., 121.
Frances v. Burnett, 84 Ky., 24.
Cleveland Coal Co. v. Sloan, 90 Ky., 308.
Viele Stockwell & Co. v. Edwards, 4 R., 903.

Opinion of the court by JUDGE GUFFY. Reversing.

It is alleged in the petition that Rice is the assignee of W. P. Baxter, and that W. C. Peale & Bro. obtained an attachment against the property of Baxter, and, to obtain

the same, executed a bond, with A. E. Carse as security, with the condition that they should pay Baxter any damages not exceeding $1,145.47, which Baxter might sustain if the attachment was wrongfully obtained, and that an attachment was issued on the 23d of February, and levied by the sheriff upon Baxter's storehouse, in which he was then doing business, on a large stock of wall paper, paints, etc. It is further alleged that he employed attorneys to contest the attachments, and did pay them for their services for resisting and defeating the attachments the sum of $150, and that he and said Baxter were deprived of the use of said property for sixty-four days, and thereby damaged said Baxter fifty dollars, and that he and Baxter did take time from their business in preparing their defense, and that his services were reasonably worth twenty dollars, and that he recovered costs for said attachments, thirty-one dollars and fifty-five cents, and that by reason of the wrongful seizure of said goods, etc., said goods depreciated in value between the time of the seizure and the date of the discharge of the attachment to the sum of $500, and that upon April 27, 1897, the court rendered a final judgment discharging said attachment; that by reason of the wrongful issuing of said attachment he was damaged as aforesaid in the sum of $851, for which sum he prayed judgment. The summons seems to have been served only on Carse. Carse by his answer admitted the issuing of the attachment, and the levy and execution of the bond, and the assignment of Baxter to Rice. It is further alleged in the answer that defendant denied that said attachments were wrongfully obtained. It is further alleged that, previous to the suing out of the attachment by Peale & Bro., Baxter was in-

debted to W. G. White in the sum of $197 and interest,
and that White on the 3d of February, 1897, obtained an
attachment against Baxter upon the ground that he had
not property enough subject to execution to satisfy his
debt, and that his demand would be injured by the delay
in obtaining judgment and a return of "No property
found"; that on February 22, 1897, Baxter filed an an-
swer in the suit of White in the quarterly court, and ad-
mitted the existence of the grounds for the attachment set
forth in White's petition, and referred to the suit of White
against Baxter, and made same part thereof; that Peale
& Bro. never issued their attachment until after Baxter
had filed his answer admitting the ground for the attach-
ment, and after Baxter appeared in court February 23,
1897, and, when the case of White against him was called,
admitted the ground of attachment, and failed and refus-
ed to resist same, and when Baxter had filed his answer
admitting the ground of White's attachment, and had ap-
peared in open court and admitted same, Peale & Bro.,
on the same day, caused an attachment to be sued out
against Baxter, and alleged the same grounds that White
had alleged, and which Baxter had admitted as true. It
is further denied that Baxter was injured or suffered any
damage by reason of the issual and levying of the attach-
ment by Peale & Bro. It is alleged that, when the attach-
ment by Peale & Bro. was issued and levied, the goods
and effects of Baxter subject to execution, and out of
which the sheriff relied to make Peale & Bro.'s debt, had
already been levied on by the sheriff under White's at-
tachment, and had already been taken out of the posses-
sion of Baxter, and were then in the possession of the
sheriff, and were held by him to discharge White's attach-
ment, and remained in the possession of the sheriff, under

and by virtue of White's attachment, until the attachment
of White had been discharged by a judgment of this court,
which was subsequent to the discharge of the attachment
of Peale & Bro.; that no goods or property of Baxter were
taken out of the possession of Baxter, or held or retained
by the sheriff, by reason or virtue of the attachment sued
out by Peale & Bro. The answer further denied that
Baxter was deprived of any of the goods by reason of said
levy; denied any wrongful seizure of Baxter's goods, or
any closing of his house by reason of the attachment of
Peale & Bro.; also, denies any damage or depreciation of
the goods by reason of Peale & Bro.'s attachment. The
employment of attorneys is also denied. A demurrer to
the answer was overruled. By an amended answer the de-
fendant made more specific the denial of injury or damage
as the result of the attachment. The court sustained a
motion to strike out substantially all the defendant's an-
swer, except so much as denied the depreciation of the
value of the goods after the levy of Peale & Bro.'s attach-
ment, and the employment of attorneys. After the issue
was made up, and proof heard, a trial resulted in a verdict
and judgment in favor of the plaintiff for the sum of $731.-
75; and, defendant's motion for a new trial having been
overruled, he prosecutes this appeal.

The first instruction given says, in substance, that plain-
tiff is entitled to the damages, if any, sustained by reason
of the attachment, and the measure is the loss or de-
terioration, if any, in the value of the property occurring
between the date of the attachment of Peale & Bro., to
wit, February 23, 1897, and the date of its discharge, April
27, 1897, and also a reasonable attorney's fee for defending
the attachment. The second instruction reads as fol-
lows: "In determining whether the plaintiff has been

damaged by the attachment of Peale & Bro., and the amount of damage, the jury should not consider the fact that other attachments were levied upon the property during the time the attachment of Peale & Bro. was levied and pending."

Upon the trial of the cause, defendant offered to introduce the record of the quarterly court in the case of White against Baxter, which was excluded by the court. While it is true that the answer of Baxter, and his statements in open court upon the trial of the case of White against him, can not now, of themselves, defeat this action, and were only competent upon the trial of the attachment of Peale & Bro. against Baxter, for the purpose of sustaining their attachment, or, in other words, to estop Baxter from contesting the attachment of Peale & Bro., yet so much of that record as tended to show that the goods had been levied on under White's attachment, and taken from the possession of Baxter, was competent. All the evidence offered by defendant to show that Baxter consented or directed that the entire stock of goods should be delivered to the sheriff, and the keys given to him, under the attachment of White, was competent, and should have been admitted, and so much of the answer as pleaded these facts should have been allowed, and it was error to strike the same from the answer. The evidence in this case conduces to show that the entire stock of goods was levied on under the attachment of White, and by Baxter's consent the sheriff took charge of the entire store. The whole was given up to the sheriff, and passed into his possession, and so remained, without any attempt to sever the same, until after the discharge of the attachment of Peale & Bro. So that in fact Baxter was not deprived at first of the possession and control of the goods by reason

of the attachment of Peale & Bro. It therefore follows that the instructions given by the court were erroneous, and ought not to have been given.

If it had been at any time proposed to set apart so much of the stock of goods as was necessary to satisfy the attachment of White, and a demand that the residue should be released, and the same had been refused, then in that event Peale & Bro. would have been responsible for the damages, if any, resulting to so much of the goods as had been held to satisfy Peale & Bro.'s attachment.

It was also error to allow plaintiff to recover against the defendant the entire amount paid to attorneys to defend the attachment suits. And this is especially true in this case, because it is manifest from this record that it was quite as difficult, if not more so, after the admissions of Baxter in the quarterly court, to defeat White's attachment as it was to defeat the attachment of Peale & Bro. It will be seen from this record that the attachment in favor of White was for $197, besides interest and costs, and that the attachment of Peale & Bro. was for $572.95 and costs; thus showing that something more than two-thirds of the whole amount was held under the attachment of Peale & Bro., and the residue under White's. But the instruction of the court authorized the jury to find the entire damage against the defendant, which is manifestly contrary to both law and equity, because White was the man who first, either with or without the consent of Baxter, caused the levy upon the entire stock, and delivered the possession to the sheriff, which was continuously held by him under that levy until after the discharge of Peale & Bro.'s attachment. So that in fact the entire damage, or at least a material part, may well be said to have been the result of the levy under the White attachment. If,

however, it should appear on the next trial that Peale &
Bro. caused a retention of a sufficiency of the goods to sat-
isfy their debt. after the levy of their attachment, they
would be liable for the damage, if any, sustained upon that
portion of the stock.   But it is evident that, of the total
value of the stock, White deprived Baxter of the posses-
sion of a sufficiency to pay his debts, and for damage sus-
tained thereby the defendant can not be held responsible.
If the attachments had been simultaneously levied upon
the entire stock, a different question would be presented
for decision.   But in this case White and Peale & Bro. are
not joint *tort feasors*.   White, through his illegal proceed-
ings, devested Baxter of the control and possession of the
goods, perhaps with Baxter's connivance.   Peale & Bro.
could in no manner interefere with the control or posses-
sion of so much of the goods as were necessary to satisfy
White's claims, and therefore can not be held for any dam-
age done to that portion of the goods.   For the reasons
indicated, the judgment is reversed and the cause remand-
ed for a new trial upon principles consistent with this opin-
ion.

Petition for rehearing filed by appellee and overruled.